IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patricia Short,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Wal-Mart Stores East, L.P. and Cristina McCracken,<br><br>　　　　　Defendants. | Civil Action No.: _____<br><br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

　　　1.　　Defendants Wal-Mart Stores East, L.P. and Cristina McCracken (hereinafter, "Defendants") file this Notice of Removal of the above-titled action from the Court of Common Pleas of Chesterfield County, South Carolina, to the United States Court for the District of South Carolina, Florence Division, pursuant to 28 U.S.C. § 1441.

　　　2.　　The above-titled action was instituted by the Plaintiff against the Defendants by service of a Summons and Complaint that was filed on May 31, 2022, in the Chesterfield County Court of Common Pleas. Plaintiff served the Complaint on Defendant Wal-Mart Stores East, L.P. via its registered agent, CT Corporation, on June 6, 2021, and Plaintiff served the Complaint on Defendant Cristina McCracken[1] on June 13, 2022, via process server. This action is currently pending in the Court of Common Pleas for Chesterfield County, South Carolina, Case No. 2022-CP-13-0391. No further proceedings have been filed and the Summons and Complaint constitute all process, pleadings or orders properly served in this action. Pursuant to 28 U.S.C. § 1446(a), Defendants file herewith a copy of the Summons and Complaint.

　　　3.　　There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because

---

[1] Defendant Cristina McCracken's legal name is Cristina Jordan.

1

Plaintiff could have originally filed the action in this Court pursuant to 28 U.S.C. § 1332. Specifically, this suit is removable because there is complete diversity of citizenship between the Plaintiff and Defendant Wal-Mart Stores East, L.P., and upon information and belief, based upon Plaintiff's claimed injuries and damages, the amount in controversy in this action exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interests and costs. Defendant Cristina McCracken is fraudulently joined as set forth more fully below; thus, her citizenship cannot be used to defeat diversity.

4. At the time of commencement of the action, Plaintiff was and still is a citizen and resident of South Carolina. Defendant Wal-Mart Stores East, L.P. was at the time of the commencement of the action, and still is, a corporate entity organized and existing under the laws of a state other than South Carolina and having its principal place of business in a state other than South Carolina. Specifically, pursuant to 28 U.S.C. § 1332(c)(1), Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas, as it is a Delaware corporation with its principal place of business in Arkansas.

5. Plaintiff's Complaint arises from an alleged incident in which Plaintiff alleges she tripped and fell over an uneven portion of the exterior sidewalk at Walmart store #642 on August 1, 2020, thereby causing her serious physical injury, permanent impairment, and great emotional upset and distress. Pl.'s Compl. at ¶¶ 9 & 23. Plaintiff alleges that Defendants, by and through its agents, servants, and employees, were negligent, *inter alia*, in the following ways: (1) failing to eliminate the trip hazard; (2) failing to guard against the trip hazard; (3) failing to warn of the trip hazard; and (4) failing to properly train and/or supervise employees on procedures for hazard inspections. *See* Pl.'s Compl. at ¶ 22. Plaintiff also seeks an award of punitive damages. *See* Pl.'s Compl. at Prayer for Relief.

6.      Defendant Cristina McCracken is fraudulently joined[2] as an in-state defendant to this action, as there is no possibility that Plaintiff would be able to establish a cause of action against her. *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *see also Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) ("[I]n determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record . . . .'" (quoting *AIDS Counseling*, 903 F.2d at 1004)). Here, Plaintiff alleges that Defendant Cristina McCracken "owed a duty to the Plaintiff, a business invitee, to ensure no unreasonably dangerous conditions existed on the premises of Store Number 642;" however, on August 1, 2020, the date of the alleged incident, Defendant Cristina McCracken, was not employed at store #642 and did not maintain any level of control over the premises sufficient to render her liable for the Plaintiff's alleged incident. *See* Exhibit A, Affidavit of Cristina Jordan; *see also Benjamin v. Wal-Mart Stores Inc.*, 413 F.Supp.2d 652, 657 (2006); *S.C. Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E Underwriters Risk Retention Group*, 347 S.C. 333, 554 S.E.2d 870, 875 (S.C. Ct. App. 2001) (finding a manager of a business, who, along with her husband, owned sixty percent of the stock in the business effectively controlled what took place on the premises). Thus, there is no legal possibility of legal recovery against Defendant Cristina McCracken in the present action, and Plaintiff fraudulently joined in-state Defendant Cristina McCracken in order to defeat the Court's diversity jurisdiction. Accordingly, Defendant Cristina McCracken's citizenship cannot be considered in assessing complete diversity.

---

[2] "'Fraudulent joinder' is a term of art, it does not reflect on the integrity of [the] plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists. In other words, a joinder is fraudulent if there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (alterations and omission in original) (internal quotation marks omitted).

7. Based upon the allegations of Plaintiff's Complaint and a discussion with Plaintiff's counsel, the amount in controversy in this matter exceeds the sum of Seventy-Five Thousand 00/100 Dollars ($75,000.00), exclusive of interest and costs, and said action is one over which the District Court of the United States has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

8. Defendants hereby give counsel for the Plaintiff written notice of the removal of this action and will provide a copy of the filed Notice of Removal to the Clerk of Court for Chesterfield County, as required by 28 U.S.C. § 1446(d).

9. Defendants file this Notice of Removal within thirty (30) days of the receipt of Plaintiff's Complaint in the state court action, which was the first pleading properly served upon Defendants setting forth Plaintiff's claims for relief.

WHEREFORE, Defendants respectfully submit this Notice of Removal this 6th day of July, 2022.

July 6, 2022

*s/Randi Lynn Roberts*
Randi Lynn Roberts, Federal ID No. 12462
rlroberts@gaffneylewis.com
Sara E. Brakmann, Federal ID No. 13218
sbrakmann@gaffneylewis.com
**GAFFNEYLEWIS LLC**
3700 Forest Drive, Suite 400
Columbia, South Carolina 29204
(803) 790-8838 Phone (803) 790-8841 Fax

*Attorneys for Defendants*