ELECTRONICALLY FILED - 2022 May 31 11:33 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300391

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHESTERFIELD<br><br>Patricia Short,<br><br>        Plaintiff,<br><br>vs.<br><br>Wal-Mart Stores East, L.P., and<br>Cristina McCracken,<br><br>        Defendants. | IN THE COURT OF COMMON PLEAS<br><br>CIVIL ACTION NO.: 2022-CP-13-_____<br><br><br><br>**SUMMONS**<br>**(JURY TRIAL REQUESTED)** |

TO: THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at 614 W. Palmetto Street, Florence SC, 29501, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

                                              Smith Ammons Howle & Ricker, LLC

                                              s/Joshua T. Howle
                                              Joshua T. Howle
                                              SC Bar #100642
                                              614 W. Palmetto Street
                                              Florence, South Carolina
                                              (843) 407-1583
                                              JHowle@SmithAmmonsLaw.com
                                              Attorney for Plaintiff

May 31, 2022
Florence, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHESTERFIELD<br><br>Patricia Short,<br><br>Plaintiff,<br><br>vs.<br><br>Wal-Mart Stores East, L.P., and<br>Cristina McCracken,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br><br>CIVIL ACTION NO.: 2022-CP-13-_____<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

TO THE ABOVE-NAMED DEFENDANTS:

The Plaintiff, complaining of the Defendants, would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. The Plaintiff, **Patricia Short (hereinafter, "Ms. Short")**, is a citizen and resident of Chesterfield County, South Carolina.

2. Defendant **Wal-Mart Stores East, L.P. (hereinafter, "Wal-Mart" and "Retailer")**, is a limited partnership organized under the laws of a state other than South Carolina and is licensed to do business in the State of South Carolina.

3. Defendant Wal-Mart owns, operates, and manages the retail store located at 1040 Chesterfield Highway, Cheraw, SC 29520 (**Store Number 642**).

4. Upon information and belief, Defendant **Cristina McCracken (hereinafter, "Mrs. McCraken")** is a citizen and resident of Darlington County, South Carolina.

5. At all times relevant to the facts of this Complaint, Defendant McCraken was the General Manager for store number 642 and was working within the course and scope of her employment with Defendant Wal-Mart; Wal-Mart is liable for her acts and/or omissions under the doctrine of Respondeat Superior.

6. The parties, subject matter, and all things and matters herein alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

7. On or around August 1, 2020, Ms. Short was about to enter Wal-Mart Store Number 642 in Cheraw, SC, which was under the direct operation, control, management, and maintenance of both Defendants.

8. At all times relevant herein, Ms. Short was acting in a lawful and prudent manner.

9. As she approached the store, she tripped over uneven concrete on the sidewalk adjacent to the retailer's entranceway near a tent setup by the Defendants.

10. At all times relevant herein, the Plaintiff was a patron of Wal-Mart intending to purchase goods from the retailer and was, therefore, a business invitee.

11. Several Wal-Mart employees and patrons witnessed her fall and injury.

12. A supervisor was informed of the fall/injury, and an incident report was drafted.

13. After witnessing the fall, a Wal-Mart employee noted that "people fall there all the time!"

14. The Wal-Mart employee who acknowledged numerous prior falls from the hazardous condition created from the uneven concrete noted her observations in a written statement which was included in the incident report.

15. Wal-Mart (*and the retailer's General Store Manager*) knew (*or should have known*) that the uneven concrete resulted in an unreasonably dangerous condition, particularly when, by the Defendants' own admission, they were aware of numerous previous falls, yet failed to take any corrective action measures to eliminate or reduce the risk.

16. Pursuant to Wal-Mart's own documented policies, the General Manager for Store Number 642, Mrs. McCraken, was responsible for "[ensuring] the safety of customers and associates." However, despite knowledge of numerous previous falls over an extended period of time as a result of the unreasonably dangerous condition presented by uneven concrete near the store's entrance way, she took no steps in taking appropriate corrective and preventative action measures; rather, the risk of injury from the hazard needlessly persisted, and no guards or warnings were provided to unsuspecting staff and patrons.

17. Resultantly, the negligent and grossly negligent actions and inactions of Wal-Mart and the retailer's store manager directly and proximately caused the Plaintiff's injuries as is further described below.

ELECTRONICALLY FILED - 2022 May 31 11:33 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300391

## FOR A FIRST CAUSE OF ACTION
*Negligence/Gross Negligence*

18. Both Wal-Mart and the retailer's General Manager, Mrs. McCraken, owed a duty to the Plaintiff, a business invitee, to ensure no unreasonably dangerous conditions existed on the premises of Store Number 642.

19. By Wal-Mart's own admission, they knew (*or should have known*) of the uneven concrete by nature of observing several patrons fall on the hazard over an extended period of time.

20. Despite such knowledge, both Defendants failed to take reasonable and appropriate corrective and preventative action measures.

21. Therefore, both Wal-Mart and the General Manager failed in their duty to ensure no unreasonably dangerous conditions existed on the premises of Store Number 642.

22. Further, both Defendants were willful, wanton, reckless, negligent, and grossly negligent in the following particulars, to wit:

    a. In failing to eliminate the trip hazard presented by uneven concrete adjacent to the retailer's entranceway,

    b. In failing to guard against the trip hazard to prevent patrons and staff from traversing over the uneven concrete,

    c. In failing to warn of the trip hazard to alert patrons and staff of the danger associated with the uneven concrete,

    d. In failing to inspect and maintain the concrete areas adjacent to the retailer's entranceway,

    e. In failing to maintain adequate procedures for hazard inspection/identification, corrective action measures, and safety assurance,

    f. In failing to properly train employees on proper procedures for hazard inspection/identification, corrective action measures, and safety assurance,

    g. In failing to properly supervise employees on carrying out procedures for hazard inspection/identification, corrective action measures, and safety assurance,

    h. In failing to adhere to proper safety standards and building codes regarding concrete walkways,

      i. In failing to exercise the degree of care, caution, and prudence a person of ordinary care, caution, and prudence would have exercised under the same and similar circumstances then and there prevailing; and

      j. In any other such manner as may come to light during this litigation.

23. As a direct and proximate result of both Defendants' willful, wanton, reckless, negligent, and grossly negligent conduct, the Plaintiff fell on the premises, sustained serious physical injury, permanent impairment, and great emotional upset and distress.

24. As a direct and sole consequence of the aforesaid injuries, the Plaintiff has incurred expenses for medical care and other incidental costs. The Plaintiff has had to endure pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff.

**WHEREFORE**, the Plaintiff prays for judgment against both Defendants, both jointly and severally, in an amount to be determined by the trier of fact to include actual damages, future damages, scarring, permanent impairment, punitive damages, costs of this action and any other such relief this Honorable Court deems just and proper.

Smith Ammons Howle & Ricker, LLC

s/Joshua T. Howle
Joshua T. Howle
SC Bar #100642
614 W. Palmetto Street
Florence, South Carolina
(843) 407-1583
JHowle@SmithAmmonsLaw.com
Attorney for Plaintiff

May 31, 2022
Florence, South Carolina

ELECTRONICALLY FILED - 2022 May 31 11:33 AM - CHESTERFIELD - COMMON PLEAS - CASE#2022CP1300391